# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RIDDLE INC,<br><br>Defendant. | No. CR10-0118<br><br>REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY |

    The defendant's representative, by consent, appeared before the court pursuant to FED. R. CRIM. P. 11, and entered a plea of guilty to Count 1 of the Information on November 18, 2010. After cautioning and examining the defendant's representative, Gene Riddle, under oath concerning each of the subjects mentioned in FED. R. CRIM. P. 11, the court determined that the guilty plea was knowing and voluntary, and that the offense charged is supported by an independent basis in fact containing each of the essential elements of such offense. The court therefore RECOMMENDS that the plea of guilty be accepted and that the defendant be adjudged guilty and have sentence imposed accordingly.

    At the commencement of the FED. R. CRIM. P. 11 proceeding, Gene Riddle was placed under oath and advised that if he answered any questions falsely, he could be prosecuted for perjury or for making a false statement.

    The court determined that the defendant's representative was authorized to enter a plea on behalf of the defendant. He is the defendant's owner and has authority to bind the corporation pursuant to its Articles of Incorporation.

    Gene Riddle acknowledged that the corporation had received a copy of the Indictment and fully discussed these charges with its attorney.

1

The defendant's representative was then fully advised of its right not to plead guilty and to have a jury trial, including:

1. The right to assistance of counsel at every stage of the pretrial and trial proceedings;

2. The right to a speedy, public trial;

3. The right to have its case tried by a jury selected from a cross-section of the community;

4. That it would be presumed innocent at each stage of the proceedings, and would be found not guilty unless the government could prove each and every element of the offense beyond a reasonable doubt;

5. That the government could call witnesses into court, but that its attorney would have the right to confront and cross-examine these witnesses;

6. That the defendant's representative would have the right to see and hear all witnesses presented at trial;

7. That the defendant's representative would have the right to subpoena defense witnesses to testify at the trial;

8. That any verdict by the jury would have to be unanimous;

9. That it would have the right to appeal.

The defendant was also advised of the rights it would waive by entering a plea of guilty. The defendant was told that there would be no trial, that it would waive all the trial rights just described and be adjudged guilty without any further proceedings except for sentencing.

The defendant was advised that any sentencing stipulation would not be binding on the court, and the defendant would have no right to withdraw its plea if such stipulation were not followed by the court. The defendant was advised also that after its plea was accepted, it would have no right to withdraw the plea at a later date, even if the sentence imposed was other than the defendant or defendant's counsel anticipated.

The court summarized the charges against the defendant, and listed the elements of the crime. The court determined that the defendant understood each and every element of the crime.

The court then elicited a full and complete factual basis for all of the elements of the crime charged in Count 1 of the Information.

The court determined that the defendant was pleading guilty under a plea agreement with the government. After confirming that a copy of the written plea agreement was in front of the defendant's representative, the court determined that the defendant entered into the agreement voluntarily. The Assistant United States Attorney then summarized the terms of the plea agreement, and the court made certain that the defendant understood its terms.

The court advised the defendant's representative of the consequences of the plea, including the maximum fine that could be imposed.

The defendant's representative indicated that he had conferred with counsel and that he was fully satisfied with his counsel. The defendant's attorney had full access to the government's discovery materials that supported a factual basis for the plea.

The defendant then confirmed that its decision to plead guilty was voluntary, that the decision to plead guilty was not the result of any promises other than plea agreement promises, that no one had promised it what the sentence would be, and that its decision to plead guilty was not the result of any threats, force or anyone pressuring it to plead guilty

The defendant then confirmed that it still wished to plead guilty, and pleaded guilty to Count 1 of the Information.

The court finds the following with respect to the defendant's guilty plea:

1. The guilty plea is voluntary, knowing, not the result of force, threats or promises except plea agreement promises.

2. The defendant is aware of the maximum punishment.

3. The defendant knows its jury rights.

3

4. The defendant has voluntarily waived its jury rights.

5. There is a factual basis for the plea.

6. The defendant is in fact guilty of the crime to which it is pleading guilty.

The defendant was advised that the failure to file written objections within 14 days of the date of its service would bar it from attacking this court's Report and Recommendation recommending that the assigned United States District Judge accept its plea of guilty.

DATED this 18th day of November, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA